# CIRCUIT COURT OF THE CITY OF NORFOLK

Rudolph Williams et al.

>    v.

Edward Barringer et al.

February 18, 2011

Case No. (Civil) 10-4964

BY JUDGE CHARLES E. POSTON

This action is before the court upon the defendants' motion for summary judgment. Having considered the pleadings, the submissions of the parties in support of their respective position, and the argument of counsel, the court will deny the motion for summary judgment because material issues of fact remain unresolved.

## The Facts

For familiar reasons, the facts will be viewed in the light most favorable to the plaintiffs. From a review of the amended complaint and the answer thereto, the following facts are undisputed.

New Rising Sun Baptist Church is an unincorporated religious association located in the City of Norfolk. It is governed in the congregational tradition. All of the plaintiffs are members in good standing of the church. One of the plaintiffs is a trustee of the church, two are deacons, and two are deaconesses. The defendant, the Reverend Edward Barringer, was by contract the former pastor of the church.

Attached to the complaint are the constitution and by-laws ratified by the church. The congregation has, by adopting those governing documents, consented to be governed by their terms. These governing documents provide that the term of the pastorate is one year and that, by contract, the Defendant Barringer's term as pastor expired March 8, 2010.

264

*Discussion*

A review of the constitution and by-laws indicates that it is essentially one document even though Article I is entitled "Constitution" and the remaining six articles are denominated "By-laws." If Article I be the constitution, then it is by its terms insufficient to prescribe the organic organization of the church. The court, then, will consider all articles as comprising the church's constitution.

The unresolved material issue presented is whether the congregation meeting of August 17, 2010, that purported to renew the Defendant Barringer's contract as pastor was called and conducted in accordance with the church's constitution. The amended complaint and the answer are completely at opposite on this question.

Congregationally governed churches often have no mechanism outside the congregation to resolve internal disputes. When disputes involving matters of property cannot be resolved within the congregation, the court may intervene so long as the dispute can be resolved without reference to matters of faith and doctrine. *Reid v. Gholson*, 229 Va. 179 (1985).

The complaint alleges that, because the congregational meeting of August 17, 2010, was improperly called, its action in renewing the pastor's contract is invalid. The answer, of course, denies that allegation. The renewing of the pastor's contract of necessity implicates property issues because his salary is paid by the congregation. Whether the calling of the disputed congregational meeting was proper can be determined without reference to matters of faith and doctrine because the resolution of that issue requires a factual determination of whether the meeting was called in accordance with the provisions of the church's governing documents.

*Conclusion*

The court will deny the motion for summary judgment. Counsel are directed to schedule a hearing as soon as practicable to address the issue of whether the congregational meeting of August 17, 2010, was called and conducted in accordance with the church's constitution and by-laws.